UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---------------------------------------------------------------------x
IN THE MATTER OF VISTA CRUISES, INC D/B/A
VISTA FLEET AS OWNER AND OPERATIOR OF
M/V VISTA STAR (REGISTRATION NO. 911173), HER
CARGO ENGINES, BOILERS, TACKLE, EQUIPMENT,
APPAREL, AND APPURTENCES ETC., IN REM (M/V
VISTA STAR) PETITIONING FOR EXONERATION
FROM OR LIMITATION OF LIABILITY IN ALLISION
WITH BREAKWATER OCCURRING JULY 20, 2024 IN
AND ABOUT LAKE SUPERIOR, WISCONSIN POINT,
AND DULUTH-SUPERIOR HARBOR
---------------------------------------------------------------------x

Case No.: _____

**In Admiralty**

## COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY

NOW INTO COURT, through the undersigned counsel, comes VISTA CRUISES, INC. D/B/A VISTA FLEET (hereinafter referred to as "Petitioner") as owner and operator of the M/V VISTA STAR, and petitions for exoneration from or limitation of liability, civil and maritime, pursuant to Federal Rule of Civil Procedure 9(h), Rule F of the Supplementary Rules for Certain Admiralty and Maritime Claims, the Local Rules of Practice for the United States District Court for the District of Minnesota, and 46 U.S.C. § 30501, *et seq.*, and alleges as follows:

1. At all material times, Petitioner was and is a duly organized and existing under the laws for the State of Minnesota, with its principal place of business in Duluth, Minnesota. At all material times, Petitioner was and is the owner and operator of the M/V VISTA STAR.

2. M/V VISTA STAR is an all-welded steel USCG-inspected passenger vessel constructed by Freeport Marine of Florida in 1987, powered by Twin 8v92 Detroit Diesel engines. At all material times, the M/V VISTA STAR was fully and properly

39263543

equipped and supplied, and in all respects seaworthy and fit for the services for which it was engaged. At all material times, the M/V VISTA STAR was properly transiting Lake Superior at or near Duluth, Minnesota.

3. Due to an unforeseen weather and decreased visibility, on July 20, 2024, M/V VISTA STAR was caused to drift out of the center of the navigational channel of the Wisconsin Point Entry to Duluth-Superior Harbor while transiting Lake Superior, thereafter alliding with the Wisconsin Point breakwater.

## JURISDICTION AND VENUE

4. The events that give rise to this action occurred in the vicinity of Lake Superior, Wisconsin Point, and Duluth-Superior Harbor, all of which are navigable bodies of water of the United States of America. Therefore, this Court has subject matter jurisdiction over this matter. 28 U.S.C. § 1333.

5. M/V VISTA STAR is currently located at Duluth-Superior Harbor. The vessel has not been attached or arrested. Venue is properly in the District of Minnesota.

## FACTS

**A.   The Transit and Allison**

6. On July 20, 2024, the M/V VISTA STAR was transiting Duluth-Superior Harbor and Lake Superior.

7. The M/V VISTA STAR was returning from Lake Superior to Duluth-Superior Harbor through the Wisconsin Point Entry.

8. At approximately 2230 hours on July 20, 2024, the M/V VISTA STAR allided with the breakwater forming the Wisconsin Point Entry. The allison with the breakwater

was unintentional and occurred while the M/V VISTA STAR was attempting to maneuver through the mid-channel opening of the Wisconsin Point Entry.

9. Although the allison was at low speed and of nominal force, several passengers on the vessel were allegedly injured. The number of injured passengers and the extent of their injuries is as yet unknown.

**B.   Claims**

10. Although no claims have been filed in this or any other court to date, it is anticipated that claims will be made by several passengers aboard M/V VISTA STAR.

**C.   Petitioner is Entitled to Exoneration from Fault or Limitation of Liability**

11. The facts described above concerning the claimed incident, and all claimed resultant injuries or damages, were not caused by or contributed to by any fault, neglect, or negligence of Petitioner, or any person for whose acts Petitioner is responsible. Petitioner was not negligent or at fault, and has no responsibility, and is not liable for damages that may be claimed by any claimant hereafter; M/V VISTA STAR was seaworthy at all times, and said claimed damages were done, occasioned, or incurred by acts or events that occurred without the privity or knowledge, actual or imputed, of Petitioner, its managing agents, managing officers, or supervising employees.

12. Petitioner denies that it or any persons or property for whom or which it may be responsible are liable to any extent for any claimant's damages. Petitioner claims exoneration and exemption from all liability for all losses, damages, and injuries occasioned or incurred, or alleged to have been occasioned or incurred by reason of the events described above, and from any and all claims by any claimant that may hereafter be made.

13. In the alternative, and in the event, Petitioner should be held responsible because of these actions, Petitioner claims the benefits of the Limitation of Liability Act provisions set forth in § 30501 through § 30512, inclusive, of Title 46 of the United States Code, and all laws supplementary thereto and amendatory thereof.

14. The attached affidavit of Claudio Crivici, NAMS-CMS, describes the condition and value of the M/V VISTA STAR. Petitioner herewith files the *Ad Interim* Security of Travelers Property Casualty Company of America, on behalf of M/V VISTA STAR, averring that M/V VISTA STAR has a maximum value of $685,000.00. Petitioner is prepared to give security, bond, or stipulation for any amount in excess of the stated amount in the *Ad Interim* Security as may be ascertained and determined to be necessary by order of this Court, the rules of this Court, and as provided by the laws of the United States.

15. Petitioner further specifically avers that the Complaint, and the claim for exoneration from or limitation of liability asserted herein, is filed not only on its behalf but also on behalf of its Insurers, who shall be entitled to exoneration from or limitation of liability to the same extent as Petitioner, and whose liability in the premises, if any, shall accordingly not exceed Petitioner's liability, if any.

**WHEREFORE,** Petitioner prays:

(1) That the Court enter an Order directing the Clerk of the Court to accept into the registry the Court security as approved in the first instance, the *Ad Interim* Security issued by Petitioner's insurer, representing the value of M/V VISTA STAR, and six percent (6%) interest;

(2) That the Court enter an Order directing the Clerk of the Court to accept into the registry of the Court the sum of $1,000.00 in lieu of filing a cost bond;

(3) That the Court issue notice to all persons asserting claims by reason of any loss, injury, expense or damages, occasioned or incurred by reason of the aforementioned incident, admonishing them to file their claims with the Clerk of the Court and to serve the attorneys for Petitioner a copy thereof on or before a date to be named in the notice, or forever be barred and permanently enjoined from making and filing any such claims;

(4) That the Court issue an injunction restricting the commencement or prosecution of any and all claims, actions, suits, or legal proceedings of any kind whatsoever against M/V VISTA STAR, Petitioner, its property, its representatives, insurers, or its underwriters arising out of the aforementioned incident other than in the present action;

(5) That this Court adjudge that the Petitioner and M/V VISTA STAR are not liable for any loss, injury, expense or damage or claim whatsoever in consequence of the aforementioned incident;

(6) That in the alternative, if Petitioner is adjudged liable, that such liability be limited to the Petitioner's interest in the value of M/V VISTA STAR at the time of the incident and that Petitioner be discharged therefrom upon the surrender of such interest, and that the money surrendered, paid, or secured as aforesaid to be divided pro-rata according to the above-mentioned statutes among such claimant(s) as may duly prove their claim saving to all parties any priorities to which they may be legally entitled, and that a decree may be entered discharging Petitioner from all further liability; and

(7)     That this Court grant such other and further relief as the Court deems just and proper, together with interest, attorneys' fees, costs and disbursements in connection with this matter.

Dated:   New York, New York
         February 25, 2025

        Respectfully submitted,

        CLYDE & CO US LLP

        */s/ Courtney D. Logli*
        _____
        By:  Courtney D. Logli (MN-399040)
        30 S. Wacker Drive
        Suite 2600
        Chicago, Illinois 60606

        James H. Rodgers, Esq. (JR-4798)
        (Pro Hac Vice Admission Forthcoming)
        The Chrysler Building
        405 Lexington Avenue
        New York, New York 10174
        Tel No.: (212) 702-6771
        Fax No.: (212) 710-3950
        Email: james.rodgers@clydeco.us

        *Attorneys for Petitioner, Vista Cruises, Inc. d/b/a Vista Fleet*